1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WILLIAM CRAIG PURCARO,                    No.  2:21-cv-1230-EFB P

12              Petitioner,

13       v.                                    ORDER AND FINDINGS AND
                                               RECOMMENDATIONS
14   C.H.C.F. WARDEN,

15              Respondent.

16

17          Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to

18   28 U.S.C. § 2254.[1]  The petition does not challenge the underlying conviction.  Instead, it

19   requests that petitioner be immediately released or transferred to a state health care facility

20   outside of CDCR because of the COVID-19 risks posed by petitioner's current conditions of

21   confinement.  As discussed below, the petition must be dismissed.  *See* Rule 4, Rules Governing

22   § 2254 Cases (requiring summary dismissal of habeas petition if, upon initial review by a judge, it

23   plainly appears "that the petitioner is not entitled to relief in the district court").

24          Federal courts offer two main avenues to relief on complaints related to one's

25   imprisonment – a petition for habeas corpus pursuant to 28 U.S.C. § 2254, and a civil rights

26   complaint pursuant to 42 U.S.C. § 1983.  Challenges to the validity of one's confinement or the

27   _____

28   [1] Petitioner also seeks leave to proceed in forma pauperis.  ECF No. 5.  That request is
     granted.

1    duration of one's confinement are properly brought in a habeas action, whereas requests for relief

2    turning on the circumstances of one's confinement are properly brought in a § 1983 action.

3    *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500

4    (1973)); *see also* 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ

5    of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only

6    on the ground that he is in custody in violation of the Constitution or laws or treaties of the United

7    States."); Advisory Committee Notes to Rule 1 of the Rules Governing § 2254 Cases.

8         Because petitioner's claims challenge the conditions of his confinement as opposed to the

9    legality or duration of his confinement, his claims are not cognizable in this federal habeas action

10   and must be dismissed.  *See Bowman v. California*, No. EDCV 19-00184 RGK (RAO), 2019 WL

11   4740538, at *1-2 (C.D. Cal. June 26, 2019) (conditions of confinement claims must be brought

12   under 42 U.S.C. § 1983 even if petitioner requests release from custody as a form of relief).

13        Accordingly, IT IS ORDERED that:

14   1.   Petitioner's application for leave to proceed in forma pauperis (ECF No. 5) is

15        GRANTED.

16   2.   The Clerk of Court shall to send petitioner a blank civil rights complaint form in order

17        for petitioner to file a new civil rights action should he so choose.

18   3.   The Clerk of the Court shall randomly assign a United States District Judge to this

19        action.

20        Further, IT IS RECOMMENDED that petitioner's application for a writ of habeas corpus

21   be denied without prejudice to filing his claims in a new action under 42 U.S.C. § 1983.

22        These findings and recommendations are submitted to the United States District Judge

23   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days

24   after being served with these findings and recommendations, any party may file written

25   objections with the court and serve a copy on all parties.  Such a document should be captioned

26   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

27   within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

28   *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In

his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  *See* Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated:  September 24, 2021.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE